UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFREY WYNTER, A18-560-301,

           Petitioner,

       -v-                                          12-CV-1233-JTC

MICHAEL PHILLIPS, Field Office
Director, et al.,

           Respondents.

---

## **INTRODUCTION**

Petitioner Jeffrey Wynter, an alien currently detained in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (collectively, "DHS"), at the Buffalo Federal Detention Facility in Batavia, New York, pending the execution of a final immigration order of removal issued against him, has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from detention. Item 1. As directed by this court's order entered January 4, 2013 (Item 2), respondent[1] has submitted an answer and return (Item 4), along with an accompanying memorandum of law (Item 5), in opposition to the petition.

For the reasons that follow, the petition is denied.

---

[1] The only proper respondent in this proceeding is Todd Tryon, Assistant Field Office Director, Immigration and Customs Enforcement, Buffalo, New York Office, and Director of the Buffalo Federal Detention Facility, as he is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

# FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a native and citizen of Jamaica, was admitted to the United States at New York, New York, on or about July 11, 1969, as a lawful permanent resident. *See* Item 4-2 (Exh. A, attached to Declaration of DHS Deportation Officer Juanita Payan, Item 4-1), pp. 8, 11.

According to DHS records, petitioner has been convicted of the following criminal offenses:

    a.    On or about June 12, 1984, petitioner was convicted in New York State Supreme Court, Monroe County, of Attempted Sexual Abuse in the 1st Degree, in violation of N.Y. Penal Law §§ 110-130.65-01. For this offense, he was sentenced to 5 years probation. On March 26, 1986, petitioner was found in violation of probation and he was re-sentenced to 1 year imprisonment.

    b.    On or about May 7, 1986, petitioner was convicted in Supreme Court, Monroe County, of Sexual Abuse: contact forcible compulsion, in violation of N.Y. Penal Law § 130.65-01. For this offense, he was sentenced to 3 to 6 years imprisonment.

    c.    On or about May 13, 1996, petitioner was convicted in Rochester City Court, Rochester, New York, of Criminal Contempt in the 2nd Degree, in violation of N.Y. Penal Law § 215.50-03. For this offense, he was granted a conditional discharge.

    d.    On or about July 19, 2000, Petitioner was convicted in Supreme Court, Monroe County, of Rape in the 1st Degree, in violation of N.Y. Penal Law § 130.35-01. For this offense, he was sentenced as a second felony offender to 20 years imprisonment. Petitioner appealed the conviction to the Appellate Division of New York State Supreme Court, Fourth Department, which unanimously affirmed the conviction. Petitioner's request for leave to appeal to the New York State Court of Appeals was denied. Petitioner filed a petition in the United States District Court for the Western District of New York for habeas corpus relief from this conviction, pursuant to 28 U.S.C. § 2254. On December 1, 2006, petitioner's § 2254 habeas petition was granted. *See Wynters v. Poole*, 464 F. Supp. 2d 167 (W.D.N.Y. 2006).

e. On or about August 23, 2000, petitioner was convicted in Supreme Court, Monroe County, of Rape in the 3rd Degree, in violation of N.Y. Penal Law § 130.25-02 and Sodomy, in violation of N.Y. Penal Law § 130.40-02. For these offenses, he was sentenced to 1½ to 3 years imprisonment. On March 19, 2008, this conviction was vacated by a New York criminal court pursuant to New York Criminal Procedure Law § 440.10. Petitioner was tried again, and on September 25, 2008, he was found guilty of Attempted Rape in the 3rd Degree, in violation of N.Y. Penal Law §§ 110-130.25-02 and sentenced to time served (approximately 6 years and 10 months). Petitioner appealed the September 25, 2008 conviction, which was affirmed by the Appellate Division, Fourth Department, on November 10, 2011. Petitioner then applied for leave to appeal to the Court of Appeals of New York which application was denied on March 8, 2012.

Item 4-1, ¶ 6.

Petitioner's deportation/removal proceedings commenced in October 1988, by service of an Order to Show Cause which charged petitioner with being deportable based upon his 1984 and 1986 convictions on charges of sexual abuse. *See* Item 4-2, p. 12. On April 7, 1992, petitioner was granted a waiver against deportation pursuant to the former Immigration and Nationality Act ("INA") § 212(c). *Id.*

On September 18, 2006, DHS issued a Notice to Appear ("NTA") which charged petitioner with being removable from the United States as an aggravated felon based on his August 2000 convictions for the offenses of rape and sodomy. *Id.* On November 28, 2007, an immigration judge ("IJ") found petitioner to be an aggravated felon ineligible for any form of relief, and ordered him removed from the United States to Jamaica. *Id.*

On March 24, 2008, petitioner filed a motion with the Board of Immigration Appeals ("BIA") seeking to reopen his immigration proceedings. *Id*. at 5. On April 4, 2008, the BIA issued a written decision granting petitioner's motion and terminating his removal proceedings because the rape and sodomy convictions underlying petitioner's removability

had been vacated by a New York criminal court pursuant to N.Y. Crim. Proc. Law § 440.10. *Id.* at 6-7. As mentioned above, in September 2008 petitioner was found guilty of Rape in the 3rd degree upon re-trial in Monroe County Court, and was sentenced to time served. *Id.* at 12, 34.

Following confirmation of the exhaustion of petitioner's state court appeals from this conviction (*see* Item 5, p. 7, n. 4), DHS re-commenced petitioner's removal proceedings were by issuance of a further NTA on July 16, 2012, charging petitioner with being subject to removal pursuant to INA § 237(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined in INA § 101(a)(43)(A) (murder, rape or sexual abuse of a minor). *Id.* at 8-9. Petitioner was taken into DHS custody pursuant to an arrest warrant, also issued on July 16, 2012 (*id.* at 1), and executed by DHS officers at petitioner's residence in Rochester, New York, on July 26, 2012. *Id.* at 13.

On September 5, 2012, an IJ Steven J. Connelly denied petitioner's request for change in custody status and determined that petitioner was subject to mandatory detention pursuant to the provisions of INA § 236(c). *Id.* at 4. 15. On September 25, 2012, IJ Connelly denied petitioner's further requests for relief and ordered petitioner removed from the United States to Jamaica. *Id.* at 3. This removal order became final on February 12, 2013, when the BIA dismissed petitioner's appeal. *Id.* at 2, 36.

Meanwhile, petitioner filed this action on December 12, 2012, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 on the ground that his detention in DHS custody since July 26, 2012, without conducting an individualized bond hearing pursuant to INA § 236(a), violates his substantive due process rights. *See* Item 1. Upon full consideration

of the matters set forth in the submissions on file, and for the reasons that follow, the petition is denied.

## DISCUSSION

Petitioner challenges his detention in the custody of DHS, pending removal to Jamaica, by way of habeas corpus review under 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Matters pertaining to the detention of aliens pending the completion of immigration removal proceedings, and pending removal following the entry of a final order of removal, are governed by two separate provisions of the INA–respectively, INA § 236, which authorizes the arrest and detention of an alien on warrant pending a decision on whether the alien is to be removed from the United States, and INA § 241, which authorizes detention of aliens after the issuance of a final removal order.

INA § 236 provides, in pertinent parts, as follows:

(a) Arrest, detention, and release.

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . Except as provided in subsection(c). . . and pending such decision, the Attorney General–
>
> (1)     may continue to detain the arrested alien; and
> (2)     may release the alien on–
>     (A)   bond of at least $1,500 with security approved by, and containing conditions prescribed by the Attorney General; or
>     (B) conditional parole. . . .

> (c) Detention of criminal aliens.
>
>> The Attorney General shall take into custody any alien who ... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>> …
>> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(a)(1)-(2) and(c)(1)(B).

As discussed above, at the time petitioner filed this action he was detained under the authority of INA § 236(c), which requires detention of "criminal aliens" pending a determination of the alien's removability based upon a conviction of an aggravated felony. The Supreme Court has held that mandatory detention of criminal aliens pursuant to Section 1226(c) during the period prior to the pre-final order of removal without an individualized hearing is constitutionally permissible as part of the removal process. *Demore v. Kim*, 538 U.S. 510, 531 (2003); *see Persaud v. Holder*, 2011 WL 5326465, at *2 (W.D.N.Y. Nov. 3, 2011) (detention pursuant to INA § 236(c) during period prior to pre-final order of removal did not violate due process; citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)); *Gomez v. Napolitano*, 2011 WL 2224768, at *3 (S.D.N.Y. May 31, 2011) ("Permitting certain individuals to avoid mandatory detention simply because ICE fails to immediately take them into immigration custody runs counter to … congressional intent" underlying enactment of mandatory detention provision of § 236(c)).

Petitioner's mandatory detention pursuant to INA § 236(c) continued until February 12, 2013, when the BIA dismissed petitioner's appeal of the IJ's September 2012 order of

removal. See 8 C.F.R. § 1241.1(b) (order of removal becomes final upon dismissal of appeal by the BIA). Thereafter, petitioner's detention has been governed by INA § 241(a), which requires the Attorney General to accomplish an alien's removal from the United States within a period of ninety days (the "removal period"), commencing on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Detention during the ninety-day post-final-removal order period is likewise mandatory. *See* INA § 241(a)(2) ("During the removal period, the Attorney General *shall* detain the alien."). The statute also authorizes the Attorney General to continue detention of aliens (like petitioner) found removable based on a conviction for an aggravated felony beyond the expiration of the ninety-day removal period. INA § 241(a)(6).[2]

Accordingly, because petitioner's detention pending removal is governed by INA § 241, and because petitioner's mandatory detention during the 90-day post-final-removal

---

[2]INA § 241(a)(6) provides in full as follows:

An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2),or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

order period (which commenced on February 12, 2013) will not expire until May 13, 2013, his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 is premature, and must be denied.

## **CONCLUSION**

For the foregoing reasons, the petition is denied, and the case is dismissed. This dismissal is without prejudice to file another petition should it subsequently appear that the "presumptively reasonable" period of post-removal-order detention has elapsed, and that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); s*ee Andreenko v. Holder*, 2012 WL 4210286, at *5 (W.D.N.Y. Sept. 18, 2012).

It is further ordered that certification pursuant to 28 U.S.C. § 1915(a)(3) be entered stating that any appeal from this Judgment would not be taken in good faith and therefore leave to appeal as a poor person should be denied. *Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of the Court is directed to enter judgment in favor of respondent, and to close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: May 1, 2013
p:\pending\2012\12-1233.2241.apr29.2013